UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.
YOLISBETH MARMOL,

           Plaintiff,

   -against-

**COMPLAINT**

**Jury Trial Demanded**

KRASDALE FOODS, INC. and
ALPHA I MARKETING CORP.,

           Defendants.
------------------------------------------------------------X

Plaintiff Yolisbeth Marmol ("Marmol") alleges against Defendant Krasdale Foods, Inc. ("Krasdale"), Defendant Alpha I Marketing Corp. ("Alpha") (collectively "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Marmol brings this action against the Defendant Krasdale and the Defendant Alpha pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. ("Title VII"), Americans with Disabilities Act, 42 U.S.C.S. § 12101 *et seq*. ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL") to recover damages she sustained as the result of being discriminated against, subjected to a hostile work environment and retaliated against on the basis of her sex, disability and familial status.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII and ADA pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States. This Court has supplemental subject matter jurisdiction over Plaintiff's related NYSHRL claims pursuant to 28 U.S.C. § 1367.

1

3. The Court additionally has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of New Jersey and, upon information and belief, all Defendants are incorporated in Delaware; and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, occurred in this district.

5. On May 29, 2020, Plaintiff Marmol filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") (Federal Charge No. 520-2020-03872). On September 30, 2020, EEOC issued Plaintiff Marmol Notice of Right to Sue (annexed hereto as Exhibit A).

6. Plaintiff has exhausted administrative remedies, and any and all other prerequisites to the filing of this suit have been met.

## THE PARTIES

7. Plaintiff Marmol resides in the Bergen County in the State of New Jersey.

8. Defendant Krasdale is a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware.

9. Defendant Krasdale was and is a foreign business corporation authorized to conduct business in the State of New York.

10. Defendant Krasdale was and is located at 65 W. Red Oak Lane West Harrison, New York 10604.

11. Defendant Krasdale was and is an "employer" within the meaning of Title VII, ADA and NYSHRL.

12. Defendant Alpha is a foreign corporation organized and existing under and by virtue of the

laws of the State of Delaware.

13. Defendant Alpha was and is a foreign business corporation authorized to conduct business in the State of New York.

14. Defendant Alpha was and is located at 65 W. Red Oak Lane West Harrison, NY 10604.

15. Defendant Alpha was and is an "employer" within the meaning of Title VII, ADA and NYSHRL.

16. Defendant Krasdale is a wholesale food distributor delivering both national brands and private label products to independently owned supermarkets and food stores throughout the northeastern United States and Florida.

17. Krasdale also provides a full array of services, such as merchandising, marketing services, technology platform solutions, advertising, regulatory compliance, and related consulting services, through the Defendant Alpha.

18. The Defendant Alpha is Krasdale's "in-house team" which supports its customers with marketing, merchandising and retail technology needs.

19. Defendant Krasdale has over 500 employees and maintains its corporate headquarters in White Plains, New York, as well as its distribution center in the Bronx, New York, and regional offices in Miami, Florida.

20. The Defendants Krasdale and Alpha jointly controlled aspects of Plaintiff's compensation, terms, conditions, privileges of employment.

21. The Defendant Krasdale and the Defendant Alpha are part of a single integrated enterprise.

22. The Defendant Krasdale and the Defendant Alpha handled aspects of employer-employee relationship jointly.

23. Although Plaintiff's paychecks were issued by Alpha, the Defendants Krasdale and Alpha

operated under common management.

24. By just a way of example, Plaintiff's initial job interview was with Bernard Patton a/k/a Bernie Patton, corporate director of HR at Krasdale, who extended an offer of employment to Plaintiff.

25. By just a way of another example, although Plaintiff was *de jure* Alpha's employee, Maren Gizicki, senior HR manager at Krasdale, advised her with regard to the benefits upon her termination, and Bernie Patton, corporate director of HR at Krasdale, informed Plaintiff about her termination.

26. The Defendant Krasdale and the Defendant Alpha, jointly, through their agents and employees, exercised control over the terms and conditions of Plaintiff's employment.

27. At all times hereinafter relevant, Plaintiff could complain to Maren Gizicki, senior HR manager at Krasdale, Bernie Patton, corporate director of HR at Krasdale, or Robert L. Rapuano, corporate director of advertising at Alpha, directly regarding any of the terms of her employment, and said individuals would have the authority to effect any changes to the quality and terms of Plaintiff's employment.

28. At all times hereinafter relevant, the work performed by the Plaintiff was directly essential to the businesses operated by the Defendants Alpha and Krasdale.

29. The Defendants Alpha and Krasdale, through their agents and employees, had the authority to hire, fire, promote, demote, reward and sanction Plaintiff during the entirety of her employment.

## STATEMENT OF FACTS

30. On or about September 3, 2019, Plaintiff Marmol commenced her employment with the Defendants.

31. Initially, Plaintiff was interviewed by Bernie Patton, corporate director of HR at Krasdale. Then Plaintiff was interviewed by Christopher Guzman, advertising manager at Alpha, and Veronica Lopez, supervisor.

32. Plaintiff was hired as an administrative assistant in the advertising department.

33. In that role, Plaintiff was to prepare circulars, enter data into Excel, screen and transfer calls, fax weekly sales updates, prepare sales cards, file paperwork, and so on.

34. From September 3, 2019, until her termination, Plaintiff worked at 65 W. Red Oak Lane West Harrison, New York 10604.

35. Plaintiff earned $17.00 per hour, and was eligible to various benefits, including, but not limited to: medical, dental, life and disability insurance, 401(K) and profit-sharing.

36. Plaintiff worked Monday through Wednesday from 9a.m. to 5:30p.m., on Thursdays from 9a.m. to 7:30p.m., and on Fridays from 9a.m. to 3p.m.

37. During her employment with the Defendants, Plaintiff was a stellar employee, and satisfactory performed her duties and responsibilities.

38. During the entirety of her employment, Plaintiff received no write-ups.

39. Plaintiff was an administrative assistant to Veronica Lopez, her immediate supervisor.

40. Plaintiff was also to report to Christopher Guzman, advertising manager at Alpha, her senior supervisor.

41. Plaintiff was also in subordinate relationship with regard to Maren Gizicki, senior HR manager at Krasdale, Bernie Patton, corporate director of HR at Krasdale, and Robert L. Rapuano, corporate director of advertising at Alpha.

42. Despite her outstanding work performance, Plaintiff became the target of unlawful employment discrimination against based on her sex, disability and familial status.

43. Plaintiff Marmol is a woman and therefore protected from unlawful employment discrimination under Title VII and NYSHRL.

44. In or around December 2019, Plaintiff learned of her pregnancy, which qualifies as a disability under ADA and NYSHRL.

45. Because of her pregnancy, Plaintiff Marmol is protected from unlawful employment discrimination under NYSHRL on the basis of her familial status.

46. On or about January 6, 2020, Plaintiff Marmol disclosed her pregnancy to Maren Gizicki, the senior HR manager at Krasdale.

47. Plaintiff informed Maren Gizicki, that although she was pregnant, she was able and willing to do the essential duties of her job until her due date.

48. Maren Gizicki assured Plaintiff that their conversation would be kept confidential, except that she would need to relate the information about her pregnancy to Bernie Patton, the corporate director of HR at Krasdale.

49. Following said conversation, Plaintiff Marmol returned to her desk and continued performing her duties diligently.

50. Only a few minutes after Plaintiff disclosed her pregnancy to HR, Robert L. Rapuano, corporate director of Advertising at Alpha, came up to Plaintiff's desk and called her into a meeting.

51. During the meeting, where Plaintiff, Robert L. Rapuano and Bernie Patton were present, Bernie Patton congratulated Plaintiff on her pregnancy, and said that it "would be fair" to let Plaintiff know that Krasdale/Alpha would start looking for her replacement.

52. Plaintiff Marmol was appalled by the Defendants' discriminatory practices, broke down into tears, and insisted that she was able and eager to work despite her pregnancy.

53. Plaintiff Marmol opposed the Defendants' unlawful employment practices to no avail.

54. At first, Bernie Patton complimented Plaintiff Marmol on her satisfactory work performance, but then started to look for a pre-textual reason to force her out of the company.

55. Bernie Patton started bringing up performance issues from the early days of Plaintiff's employment, even though Plaintiff received no training.

56. By way of example, he criticized Plaintiff for not keeping her circulars "up to date" at the onset of her employment, even though Plaintiff was never trained on the special abbreviations the Defendants maintained with regard to the sales cards, and often had to ask Cindy and Lisa, the proofreaders, for guidance, as Veronica Lopez was very vague in her instructions and provided little to no training to Plaintiff.

57. Bernie Patton further instructed Plaintiff to leave, even though her shift was not over. Plaintiff was told that she would be paid for the rest of the day.

58. In fear of being set up for abandoning her job, Plaintiff returned to her desk, and continued performing her duties diligently until the end of her shift.

59. Since Plaintiff disclosed her pregnancy to HR, Plaintiff was subjected to a hostile work environment at Krasdale/Alpha.

60. By way of example, Veronica Lopez prevented Plaintiff from performing her regular duties, saying, "Don't worry about filing this!"

61. Plaintiff noticed that Alpha/Krasdale employees and management started going to each other's offices, avoid eye contact with Plaintiff, and socially isolate her at workplace. Plaintiff noticed that since she disclosed her pregnancy to HR, the energy at workplace drastically changed.

62. Alpha/Krasdale agents and employees started approaching Plaintiff, inquiring about her

departure from the company.

63. By way of example, a female employee at the front desk told Plaintiff, "Oh, I did not know you are leaving!"

64. By way of another example, Chrystal asked Plaintiff for a contact information, "in case" Plaintiff no longer worked at Alpha/Krasdale.

65. Plaintiff felt intimidated and embarrassed that the information she relayed to HR about her pregnancy, and which was supposed to be confidential, was now the subject of discussions by everyone in the office.

66. On or around January 13, 2020, Plaintiff came to work, and started printing the "bibles" for the artists to be printed on the booklets.

67. Robert L. Rapuano, corporate director of advertising at Alpha, called Plaintiff into a meeting. During the meeting, where Plaintiff, Robert L. Rapuano and Bernie Patton were present, Bernie Patton informed Plaintiff that her employment with Alpha/Krasdale was terminated immediately.

68. Plaintiff Marmol continued to oppose the Defendants' discriminatory practices to no avail.

69. Bernie Patton further instructed Plaintiff not to come in to work the next day, that she would be paid for the rest of the week, and that Alpha/Krasdale would not contest her request for unemployment insurance benefits.

70. Plaintiff was appalled by the Defendants' discriminatory practices, and requested if she could have her termination notice in writing. Bernie Patton assured Plaintiff that he would email her a termination letter.

71. On or around January 14, 2020, having received no written notice regarding her termination as promised by Bernie Patton, Plaintiff came to Alpha/Krasdale to speak to Bernie Patton in

person.

72. While waiting for Bernie Patton, Plaintiff noticed that a new employee, who did not appear to be pregnant, was interviewed for Plaintiff's former position.

73. Plaintiff also noticed that Veronica Lopez was cleaning Plaintiff's desk and was setting it up for a new, non-pregnant, employee.

74. After waiting for approximately two hours outside of Bernie Patton's office, Plaintiff finally received a written notice of her termination.

75. The termination letter, dated January 14, 2020, made no reference with regard to Plaintiff's less than satisfactory work performance, and reiterated that her request for unemployment insurance benefits would not be denied.

76. The Defendants unlawfully discharged Plaintiff because of her sex, disability and familial status.

77. Plaintiff's sex, disability and familial status were a motivating factor for the Defendants' unlawful termination of Plaintiff's employment.

78. Plaintiff's sex, disability and familial status were a motivating factor for the Defendants' unlawful termination of Plaintiff's employment, even though other factors also motivated her termination.

79. The Defendants unlawfully terminated Plaintiff because she opposed the Defendants' unlawful employment practices.

80. The Defendants unlawfully discriminated against, subjected to a hostile work environment and retaliated against Plaintiff because of her sex, disability and familiar status.

81. As the result of the Defendants' unlawful employment practices, Plaintiff suffered and continues to suffer a severe emotional distress, and has been treated with a certified therapist

on a weekly basis.

82. As the result of the Defendants' unlawful employment practices, Plaintiff has been treated for anxiety, stress, PTSD, and has been prescribed medications.

83. As the result of the Defendants' unlawful employment practices, Plaintiff suffered and continues to suffer lost wages, she lost her medical, dental, life and disability insurance, 401(K) and profit-sharing.

84. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

85. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

86. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of Title VII

87. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

88. Pursuant to 42 USCS § 2000e-2(a)(1), it shall be an unlawful employment practice for an employer to discharge any individual, because of such individual's sex.

89. Under 42 USCS § 2000e (k), the terms "because of sex" or "on the basis of sex" include, but

are not limited to, because of or on the basis of pregnancy.

90. Pursuant to 42 USCS § 2000e (m), an unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for any employment practice, even though other factors also motivated the practice.

91. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by lawfully terminating her employment. As a direct and proximate result of these Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### Hostile Work Environment in Violation of Title VII

92. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

93. Pursuant to 42 USCS § 2000e-2(a)(1), it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to the terms, conditions, or privileges of employment, because of such individual's sex.

94. The Defendants, through their agents and employees, unlawfully subjected Plaintiff to a hostile work environment because of her pregnancy. As a direct and proximate result of these Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which they are entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of Title VII

95. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

96. Pursuant to 42 USCS § 2000e-3, it shall be an unlawful employment practice for an employer to discriminate against any of his employees, or to discriminate against any individual because she has opposed any practice made an unlawful employment practice.

97. The Defendants, through their agents and employees, unlawfully retaliated against Plaintiff for opposing the Defendants' discriminatory practices. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
### Discriminating in Violation of ADA

98. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

99. The Defendants Alpha and Krasdale are a "covered entity" within the meaning of 42 USCA § 12111.

100. Pursuant to 42 USCS § 12112 (a), no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to discharge of employees, other terms, conditions, and privileges of employment.

101. The Defendants Alpha and Krasdale unlawfully discriminated against Plaintiff because of her disability (pregnancy). As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff Marmol has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION
### Retaliation in Violation of ADA

102. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

103. Pursuant to 42 USCS § 1203 (a), no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by ADA.

104. The Defendants Alpha and Krasdale unlawfully retaliated against Plaintiff Marmol for opposing the Defendants' unlawful employment discrimination practices. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### Discrimination in Violation of NYSHRL

105. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

106. The NYSHRL §296 (1) provides that it shall be an unlawful discriminatory practice for an employer because of an individual's sex, disability and familial status, to discharge from employment such individual.

107. Pursuant to NYSHRL §292 (5), the term "employer" shall include all employers within the state.

108. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which they are entitled to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION
### Hostile Work Environment in violation of NYSHRL

109. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

110. Pursuant to NYSHRL § 296 (1) (h) it shall be an unlawful discriminatory practice for an employer to subject any individual to harassment because of an individual's sex, disability or familiar status, or because the individual has opposed any practices forbidden under this article or because the individual has filed a complaint, regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims. Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories. The fact that such individual did not make a complaint about the harassment to such employer shall not be determinative of whether such employer, licensing agency, employment agency or labor organization shall be liable.

111. Plaintiff's situation at her job was intolerable as a result of the discrimination by the Defendants to which they were subjected, and no reasonable person in Plaintiff's position could be expected to continue working under these conditions.

112. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## EIGHTH CAUSE OF ACTION
### Retaliation in Violation of NYSHRL

113. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

114. The NYSHRL §296 (7) provides that it shall be unlawful discriminatory practice for any person to retaliate or discriminate against any person because she has opposed any practices forbidden by Human Rights Law.

115. The Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for opposing the Defendants' discriminatory practices. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. Declaring that the Defendants engaged in unlawful employment practices prohibited by the Title VII, and awarding Plaintiff a recovery for damages sustained;

d. Declaring that the Defendants engaged in unlawful employment practices prohibited by the ADA, and awarding Plaintiff a recovery for damages sustained;

e. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and awarding Plaintiff a recovery for damages sustained;

f. Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her sex, disability and familial status and awarding Plaintiff a recovery for damages sustained;

g. Declaring that the Defendants Alpha and Krasdale discriminated against and retaliated against and terminated Plaintiff Marmol on the basis of her sex, disability and familial status and awarding Plaintiff a recovery for damages sustained;

h. Awarding damages to Plaintiff, retroactive to the date of her termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

i. Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

j. An award of prejudgment and post-judgment interest;

k. An award of punitive damages where applicable;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: October 19, 2020
New York, New York

Respectfully submitted,

Akin Law Group PLLC

*/s/ Olena Tatura*
_____
Olena Tatura, Esq.
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
olena@akinlaws.com
*Counsel for Plaintiff*